UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

GRAND JURY B-08-01

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. |
| | : | |
| v. | : | VIOLATIONS: |
| | : | |
| PETER C. BOTTI | : | 18 U.S.C. § 371  [Conspiracy] |
| | | 31 U.S.C. § 5324  [Structuring] |
| | | 31 U.S.C. § 5317  [Criminal Forfeiture] |

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**
**(Conspiracy to Structure)**

**The Defendant and his Coconspirator**

1. At all times relevant to this Indictment: (a) **PETER C. BOTTI ("BOTTI")**, the defendant herein, was a resident of Shelton, Connecticut; and (b) **BOTTI's** coconspirator ("conspirator") was another resident of Shelton, Connecticut who shared office space with **BOTTI**.

**Botti's and the Conspirator's Bank Accounts**

2. At all times relevant to this Indictment, **BOTTI** maintained a checking account at Naugatuck Valley Savings and Loan ("NVSL") at 504 Bridgeport Avenue in Shelton, Connecticut. On or about November 2, 2006, **BOTTI** opened another checking account at Webster Bank ("Webster") at 375 Bridgeport Avenue in Shelton, Connecticut.

3. At all time relevant to this Indictment, the conspirator maintained a corporate checking account at NVSL at 504 Bridgeport Avenue in Shelton, Connecticut and a personal bank account at Sikorsky Federal Credit Union ("Sikorsky") at 1000 Oronoque Lane, Stratford, Connecticut. Conspirator's family member maintained a Discover credit card account.

### Regulations Concerning Cash Transactions

4. At all times relevant to this Indictment, Title 31, United States Code, Section 5313(a), and the regulations promulgated by the Secretary of the Treasury, required domestic financial institutions, such as NVSL, Webster, Sikorsky and Discover, to file a report of cash transactions in excess of $10,000. These reports were known as Currency Transaction Reports ("CTRs"). These reports were provided to the Internal Revenue Service of the United States and were available to federal law enforcement authorities.

### The Conspiracy to Structure Cash Transactions

5. From in or about June 2006 until in or about the date of this Indictment, in the District of Connecticut and elsewhere, **PETER C. BOTTI**, the defendant herein, knowingly and willfully conspired and agreed with conspirator to commit an offense against the United States, namely, to evade the reporting requirements of section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, by structuring, assist in structuring, and attempt to structure or assist in structuring, transactions with domestic financial institutions contrary to Title 31, United States Code, Sections 5324(a)(3) and 5324(d).

### The Principal Goals of the Conspiracy

6. The principal goal of the conspiracy was for **BOTTI** and conspirator to utilize large sums of cash without the existence of the cash being detected by the Internal Revenue Service

and federal law enforcement authorities.

## The Manner and Means of the Conspiracy

7. Among the means and methods employed by **BOTTI** and conspirator to carry out the conspiracy and to effect its unlawful objects were those set forth in ¶¶ 8 through 16 below.

8. From in or about June 2006 through in or about January 2007, **BOTTI** and conspirator structured cash transactions at financial institutions in amounts less than $10,001 to prevent the financial institutions from filing CTRs.

9.  **BOTTI** and conspirator repeatedly deposited, and caused other persons to deposit, cash in the amount of $9,500 and $9,000 at various financial institutions to prevent the financial institutions from filing CTRs.

10.  After cash was deposited by **BOTTI** into accounts he controlled, most of the cash was transferred by check to the conspirator, to an account controlled by the conspirator, or to a person associated with the conspirator.  This procedure was designed to create the false impression that the conspirator did not have cash.

11.  On or about July 1, 2006, conspirator's family member paid a credit card bill in excess of $10,000 by making two cash payments to the credit card company on the same day, each payment being less than $10,000.

## Defendant Structures Cash Deposits into His Accounts

12.  On or about the dates and times set forth below, at the financial institutions set forth below, **BOTTI**, structured, and caused to be structured, almost $100,000 of cash in the amounts set forth below:

| Date | cash amount | time of deposit | location of cash deposits | account number |
|---|---|---|---|---|
| 6-20-06 | $9,000 | | NVSL | xxxxx3374 |
| 7-7-06 | $9,500 | | NVSL | xxxxx3374 |
| 7-10-06 | $9,000 | | NVSL | xxxxx3374 |
| 10-14-06 | $3,800 | | NVSL | xxxxx3374 |
| 11-01-06 | $9,500 | | NVSL | xxxxx3374 |
| 11-2-06 | $9,500 | 12:51 p.m. | Webster | xxxxxx0783 |
| 11-2-06 | $9,500 | 1:21 p.m. | NVSL | xxxxx3374 |
| 11-16-06 | $9,500 | 9:15 a.m. | Webster | xxxxxx0783 |
| 11-16-06 | $9,500 | 10:06 a.m. | NVSL | xxxxxx3374 |
| 11-28-06 | $9,500 | 11:11a.m. | Webster | xxxxxx0783 |
| 11-28-06 | $9,500 | 12:55 p.m. | NVSL | xxxxx3374 |
| TOTAL | $97,800 | | | |

## Conspirator Structures Cash Transactions

13. On or about the dates and times set forth below, at the financial institutions set forth below, conspirator structured, and caused to be structured, almost $50,000 of cash in the amounts set forth below:

| Date | cash amount | location of cash deposits or cash payments | account number |
|---|---|---|---|
| 6-19-06 | $9,500 | NVSL | xxxxx2838 |
| 6-21-06 | $9,500 | NVSL | xxxxx2838 |
| 6-28-06 | $7,500 | NVSL | xxxxx2838 |
| 7-1-06 | $5,000 | SIKORSKY | xxx-xx-1540 |
| 7-1-06 | $8,000 | DISCOVER | xxxxxxxxxxxx6775 |
| 7-1-06 | $3,866 | DISCOVER | xxxxxxxxxxxx6775 |
| 7-7-06 | $6,000 | SIKORSKY | xxx-xx-1540 |
| TOTAL | $49,366 | | |

### Overt Acts in Furtherance of the Conspiracy

14.  In furtherance of the conspiracy and to accomplish its unlawful objects, defendant **BOTTI** and conspirator committed and caused to be committed the overt acts set forth in ¶¶ 12-13, 15 and 16(a) through (j), in the District of Connecticut and elsewhere on or about the dates set forth therein.

15.  On or about July 14, 2006, conspirator falsely represented to special agents of the Internal Revenue Service, Criminal Investigation Division, that conspirator had only the cash that was in his pocket and less than $5,000 in cash at year end.

16.  On or about the dates set forth below, **BOTTI** caused the following checks to be written or transfers to be made for the benefit of conspirator from the accounts that he controlled that had received the structured cash transactions:

| Overt Act | Date | Check Amount or Transfer Amount |
|---|---|---|
| a | 6-20-06 | $10,000 |
| b | 6-28-06 | $ 6,000 |
| c | 7-12-06 | $18,500 |
| d | 10-13-06 | $3,800 |
| e | 10-31-06 | $1,500 |
| f | 11-3-06 | $2,600 |
| g | 11-16-06 | $5,000 |
| h | 11-17-06 | $20,000 |
| i | 11-28-06 | $10,000 |
| j | 1-19-07 | $15,000 |
|   | TOTAL | $92,400 |

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

### (Structuring)

17. The allegations set forth in ¶¶ 1 through 4 and ¶¶ 6 through 16 of Count 1 of this Indictment are hereby realleged and incorporated as though set forth in full herein.

18. From in or about June 2006 through in or about January 2007, in the District of Connecticut and elsewhere, **PETER C. BOTTI**, the defendant herein, did knowingly and for the purpose of evading the reporting requirements of section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure, assist in structuring, and attempt to structure or assist in structuring, transactions with domestic financial institutions.

In violation of Title 31, United States Code, Sections 5324(a)(3) and 5324(d)(1).

## FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Count One or Count Two of this Indictment, **PETER C. BOTTI**, the defendant herein, shall forfeit to the United States of America pursuant to Title 31, United States Code, Section 5317(c)(1), all property involved in the offense, and all property traceable thereto, including, but not limited to, a money judgment in the amount of $147,166.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or had been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek

forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with Title 31, United States Code, Section 5317(c)(1), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/S/_____
FOREPERSON


/S/_____
NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY

/S/_____
ALINA REYNOLDS
SUPERVISORY ASSISTANT
UNITED STATES ATTORNEY

/S/_____
RICHARD J. SCHECHTER
SENIOR LITIGATION COUNSEL